UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2019 JUN 17 A 10 56
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DOROTHY RUSSAW, individually and on behalf of all others similarly situated, Plaintiffs, -against- SCOTT & ASSOCIATES, P.C., Defendants. | Civil Case Number: 2:19-CV-421-ALB-SMD **CIVIL ACTION** **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff DOROTHY RUSSAW (hereinafter, "Plaintiff"), a Alabama resident, brings this complaint by and through the undersigned attorneys, against Defendant SCOTT & ASSOCIATES, P.C. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this action seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Alabama, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a debt collection law firm with its principal office located at 1120 Metrocrest Drive, Suite 100, Carrollton, Texas 75006 and its registered agent, National Registered Agents, Inc., located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to December 13, 2018, an obligation was allegedly incurred to BARCLAYS BANK DELAWARE

15. The alleged BARCLAYS BANK DELAWARE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged BARCLAYS BANK DELAWARE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. BARCLAYS BANK DELAWARE is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the BARCLAYS BANK DELAWARE debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

20. BARCLAYS BANK DELAWARE directly or through an intermediary contracted the

Defendant to collect the alleged debt.

21. On or about December 13, 2018, the Defendant caused to be delivered to the Plaintiff a letter in an attempt to collect the alleged BARCLAYS BANK DELAWARE debt.

22. Upon information and belief, the December 13, 2018 letter was the first letter sent by the Defendant to the Plaintiff in connection with the collection of a debt.

23. Prior to December 13, 2018, Plaintiff sent a cease and desist letter in writing.

24. Defendant, who acknowledges receipt of the cease and desist, was aware that they were prohibited from communicating with Plaintiff in connection with the collection of the debt.

25. The December 13, 2018 letter stated in part:

    "Amount Owed:  $2,503.53"

26. The Letter further stated:

    "the Firm will consider all remedies available to recover the balance due."

27. The Letter further stated:

    "This law firm is a debt collector and this is an attempt to collect a debt.  Any information obtained from you will be used by this law firm for that purpose."

28. Despite being aware that Defendant was prohibited from contacting the Plaintiff with a communication **in connection with the collection of a debt**, Defendant sent the December 13, 2018 letter.

29. Although the Defendant was aware that Plaintiff requested a cease and desist of the Defendant, Defendant proceeded to contact the Plaintiff to collect the alleged debt.

30. Under 15 U.S.C. §1692c, after receiving a cease a desist, a debt collector may only communicate to advise the consumer that further debt collection efforts are being terminated and/or to notify consumer that debt collector may invoke specific remedies, neither of which are done in this letter.

31. Merely stating that the letter will serve the purpose of to advise the consumer that further

debt collection efforts are being terminated and/or to notify consumer that debt collector may invoke specific remedies, does not make it so.

32. The letter states the amount due and notifies the consumer of its intent on continuing to collect.

33. The Defendant was never given consent from Plaintiff or a court of competent jurisdiction to contact the Plaintiff, whom the Defendant knew had made a cease and desist request.

34. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

35. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Alabama b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to Barclays Bank d) on a letter similar to that of Exhibit A e) after the consumer sent a cease and desist letter (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

36. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

37. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of

their immediate families.

38. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692c and 1692e.

39. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

40. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692c and 1692e.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

42. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692c *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

46. The Defendant violated said section by:

    a. Communicating with a consumer in connection with the collection of a debt knowing the consumer requested the debt collector cease communication with the consumer in violation of U.S.C. § 1692c(c).

    b. Communication with a consumer

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

50. The Defendant violated said section by:

    a. Making a false, deceptive, or misleading representation in connection

with the collection of a debt in violation of 1692e(10).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 11, 2019

By:  /s/ David I. Schoen
David I. Schoen
Alabama Bar No. 0860-O42D
2800 Zelda Road, Suite 100-6
Montgomery, AL 36106
Office: (334) 395-6611
Fax: (917) 591-7586
Email: Schoenlawfirm@gmail.com

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 30
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*
**PRO HAC VICE APPLICATION TO BE FILED**