IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DOROTHY RUSSAW, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) | Case No. 2:19-cv-421-ALB |
| ) | |
| v. ) | |
| ) | |
| SCOTT & ASSOCIATES, P.C., ) ) | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Scott & Associates, P.C.'s Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule 12(b)(6). (Doc. 20). Upon consideration, the motion is GRANTED.

## BACKGROUND

Plaintiff Dorothy Russaw filed this suit against Scott & Associates alleging violations of the Fair Debt Collection Practices Act. Russaw notified either the creditor, Barclay's Bank Delaware, or the collector, Scott & Associates in writing to cease and desist further communication. (Doc. 16 ¶32). After Russaw's cease and desist, Scott & Associates sent Russaw the following letter, which is the subject of the present case. (Doc. 16 ¶¶32–54).

## SCOTT & ASSOCIATES, PC
LICENSED IN AL, CA, DC, MD, NY, PA, SC, TN, TX, & VA
ATTORNEYS AT LAW
PO Box 115220
Carrollton, Texas 75011-5220

NYC Dept. of Consumer Affairs Lic. Nos 2044998 and 2045102

12/13/2018

Dorothy Russaw
330 Farmer Rd
Midway, AL 36053

Re:  Creditor:                  Barclays Bank Delaware
     Product:                   Upromise Mastercard
     Original Account Number:   XXXXXXXXXXXX1441
     Amount Owed:               $2,503.53
     Our Account Number:        1362634

Dear Dorothy Russaw,

This law firm represents Barclays Bank Delaware in connection with the above-stated claim (the "Account"). Barclays Bank Delaware is the owner and holder of the Account and as of the writing of this letter, the amount owed on the Account is $2,503.53.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

You have either sent this Firm or our Client a Cease and Desist notification in writing. Under Section 15 USC 1692c of the FDCPA, this letter will serve the following purposes:

(1) To advise the consumer that the debt collector's further efforts are being terminated;

(2) To notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such a debt collector or creditor

If you have questions about this Account, you may contact us at 866-298-3155 between the hours of 8AM-6PM CST, M-F. Otherwise, the Firm will consider all remedies available to recover the balance due.

Sincerely,

Scott & Associates, PC

\* This law firm is a debt collector and this is an attempt to collect a debt. Any information obtained from you will be used by this law firm for that purpose. Unless you dispute the validity of the debt, or any portion thereof, within thirty days after you receive this letter, we will assume that the debt is valid. If, within this thirty-day period, you notify our law firm in writing that you dispute the debt, or any portion of the debt, we will obtain a verification of the debt from our client or obtain a copy of a judgment and a copy of such verification will be mailed to you by the firm. Within 30 days of your receipt of this letter, you may send to us a written request that we provide to you the name and address of the original creditor, if different from the current creditor, and we will do so.

---

**SCOTT & ASSOCIATES, PC**
Tel: (866) 298-3155  ●  PO Box 115220, Carrollton, Texas 75011  ●  Fax: (214) 234-8454

(Doc. 16-1).

Russaw makes claims under the FCPA arising from this letter. Count One asserts that the letter violates 15 U.S.C. §1692c, which prohibits a debt collector from communicating with a debtor after receiving a cease and desist letter. (Doc. 16 ¶¶22–54). Count Two alleges that the letter makes false, deceptive, or misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e. (Doc. 16 ¶¶55–77).

Scott & Associates filed an initial motion to dismiss because Russaw had not alleged to whom she sent her cease and desist letter. (Doc. 14 at 5–8). Russaw amended her complaint in response to the motion, but again failed to allege to whom she sent the letter. (Doc. 16 ¶32). Scott & Associates renewed its motion to dismiss. (Doc. 20).

## DISCUSSION

Scott & Associates argues that the Amended Complaint should be dismissed in its entirety. Scott & Association argues that Russaw has not alleged that she sent a cease and desist letter to a "debt collector," which is a necessary precondition to invoke 15 U.S.C. §1692c. It also argues that its letter is consistent with the FCPA because the Act expressly carves out an exception for this type of contact and the letter is not contradictory or confusing. Russaw counters that she should be entitled to an inference that she sent Scott & Associates the letter, that Scott & Associates

was not allowed to contact her after receiving the cease and desist, and that the letter is confusing.

When evaluating a motion to dismiss, the court assumes the factual allegations are true and construes them in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "To avoid dismissal the complaint must contain sufficient factual matter … to state a claim to relief that is plausible on its face." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). Whether a complaint is plausible depends on whether "it contains sufficient facts to support a *reasonable* inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

### A. Count One is due to be dismissed.

Count One of the Amended Complaint arises under 15 U.S.C. §1692c. Under this section of the FDCPA, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt …" except for three specific exceptions. 15 U.S.C. §1692c(c). Scott & Associates argues that this Count is due to be dismissed for two reasons.

### 1. Russaw Has Not Alleged She Notified a "Debt Collector"

Scott & Associates argues that this count fails to state a claim because the Amended Complaint does not allege that Russaw sent a cease and desist letter to a "debt collector," i.e. Scott & Associates. Indeed, although Russaw's Amended Complaint asserts that she mailed a cease and desist letter to someone, it pointedly does not identify to whom she sent the cease and desist letter.

In response, Russaw points out that the letter she *received* from Scott & Associates indicates that either Scott & Associates or the creditor that hired it received her letter. That allegation is enough to state a claim, she argues, for two reasons.

First, Russaw argues that notifying *either* a debt collector *or* a creditor is enough to invoke the protections of this section of the FDCPA. But that argument is inconsistent with the plain text of the statute. "[U]nlike debt collectors, creditors typically are not subject to the FDCPA." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015). "Creditor" and "debt collector" are defined terms in the statute. 15 U.S.C. §1692a. And "debt collector" is expressly defined *not* to include a creditor, except in unusual circumstances:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... The term does not include—

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

15 U.S.C. §1692a(6). "The language of our laws is the law." *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1227 (11th Cir. 2001). According to the plain language of the FCPA, a consumer must contact a "debt collector," not a creditor, to invoke the protection of this section of the statute. *See Dahl v. Kohn Law Firm S.C.*, 2019 WL 2230718, at *2 (W.D. Wis. May. 23, 2019) (dismissing claim under Section 1692c(c) when plaintiff failed to allege written notice was provided to collector); *Micare v. Foster Garbus*, 132 F. Supp. 2d 77, 81 (N.D.N.Y. 2001) (same).

Second, Russaw contends that her allegations allow two equally plausible inferences—i.e. that she sent a letter either to Scott & Associates or to the creditor— and that the Court should draw the inference in her favor that she sent her cease and desist letter to Scott & Associates. Russaw is correct that, even when assertions in a complaint are ambiguous, they should be construed in the light most favorable to the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1083–84 (11th Cir. 2002). But plaintiffs in Russaw's position are entitled only to *reasonable* inferences. *Gates*, 884 F.3d at 1296. And the circumstances surrounding Russaw's amended complaint make her suggested inference unreasonable. This information is uniquely within Russaw's possession— she knows where she sent the letter. And, after Scott & Associates filed its first

motion to dismiss that raised this issue, Russaw filed an amended complaint as her response. But Russaw's amended complaint still failed to allege to whom she had sent the letter. It makes very little sense to read into the amended complaint an allegation that Russaw sent her letter to Scott & Associates when Russaw pointedly declined to make that very allegation.[1]

### 2. Even if Russaw notified a "debt collector," Scott & Associates' Letter Complies with Exceptions in the Act.

In any event, even if Russaw had properly alleged that she contacted Scott & Associates, Scott & Associates would still win on the merits. Once a consumer properly issues a cease and desist notice, the FDCPA prohibits the debt collector from further communication with the consumer while preserving three important carve-outs. 15 U.S.C. §1692(c)(c). The debt collector may (1) advise the consumer that the collector's further efforts are being terminated, (2) notify the consumer that the collector or creditor "may invoke specified remedies" which they ordinarily invoke, or (3) notify the consumer that the collector or creditor "intends to invoke a specified remedy." *Id.* Here, Russaw claims that once the cease and desist notice is sent, the collector cannot communicate further with the debtor. But this argument ignores the express exceptions Congress created. Scott & Associates' letter follows

---

[1] The Court would normally allow a plaintiff in these circumstances a second, final chance to amend the complaint to resolve this problem. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). But Russaw did not ask for leave to amend. And, because the Court concludes that the amended complaint fails for other reasons, there is no point in allowing Russaw another amendment.

the Act by advising Russaw that it is terminating further collection efforts and notifying Russaw that the creditor may invoke specified remedies in the future. Russaw's partial reading of the statute is unavailing.

**B. Count Two is also due to be dismissed.**

Similarly lacking merit is Russaw's claim that Scott & Associates violated Section 1692(e)'s prohibition on false or misleading representations. The FDCPA prohibits collectors from using "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. §1692(e). Among these prohibited practices are misrepresenting the collector's identity; the status, character, or amount of the debt; or the effects of transferring the debt. 15 U.S.C. §1692(e)(1)–(3), (6), (9), (11)–(12), (16). The Act also prohibits threatening illegal action such as unlawful arrest or seizure of property. 15 U.S.C. §1692(e)(4)–(5).

The letter at issue here is not false, deceptive or misleading. The letter tracks the language of the statute. Shortly after initial contact with a consumer, the FDCPA requires a debt collector to provide a consumer with the identity of the creditor, the amount of the debt, and a statement that the debtor has 30 days to dispute the debt. 15 U.S.C. §1692g(a). There is no allegation that any of these matters were mispresented. Similarly, Scott & Associates notified Russaw that it was ceasing current collection efforts but might pursue legal remedies in the future. This statement is not, as Russaw claims, contradictory. A debt collector—like a law

firm—may well cease collection communications with the debtor while it explores legal remedies, such as wage garnishment. The debtor still owes the debt, even if the debt collector must cease communications about it. Section 1692(c) expressly allows a collector to advise the consumer that further efforts to collect are being terminated, to notify the consumer that specified remedies may be invoked, or to notify the consumer that specified remedies are being invoked. The statute does not limit which exceptions the collector may use, nor does it limit the collector to choosing between the three. A letter that makes accurate statements that are required or allowed by the FDCPA is not false or misleading under that statute.

## CONCLUSION

Based on the above reasoning, Scott & Associates' Motion to Dismiss is GRANTED. The Amended Complaint is DISMISSED WITH PREJUDICE.

**DONE** and **ORDERED** this 24th day of October 2019.

       /s/ Andrew L. Brasher  
ANDREW L. BRASHER  
UNITED STATES DISTRICT JUDGE